IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH MITAN. | : | NO. 08-760-1 |

**MEMORANDUM**

**Baylson, J.**                                                                                                **March 10, 2009**

Presently before this Court is Defendant Kenneth Mitan's Motion for Reconsideration for Disqualification of Judge (Doc. No. 88). Defendant filed this Motion on March 3, 2009, as a reconsideration of the undersigned's Order on February 23, 2009, denying Defendant's Motion to Disqualify Judge. For the following reasons, this Motion is DENIED.

Defendant argues that the Court did not properly consider the standard for disqualification under 28 U.S.C. 455(a). Under section 445(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). More specifically, as articulated by Judge Robreno in <u>Cooney v. Booth</u>, the movant need not produce evidence of actual bias, but must demonstrate the appearance of impropriety such that "a reasonable person, knowing all of the circumstances, would harbor doubts as to the judge's impartiality." 262 F.Supp.2d 494, 504 (E.D. Pa. 2003) (citing <u>In re Prudential Ins. Co. of Am.</u> 148 F.3d 283, 343 (3d Cir. 1998); <u>United States v. Antar</u>, 53 F.3d 568, 574 (3d Cir. 1995; <u>United States v. Vespe</u>, 868 F.2d 1328 (3d Cir. 1989)).

In order to have a valid section 455 claim for disqualification, the alleged bias must be from an "extrajudicial source," i.e. the result of the judge's non-judicial conduct, or fall within

-1-

the pervasive bias exception to the extrajudicial source doctrine, i.e. bias "so extreme as to display clear inability to render fair judgment." Liteky v. U.S., 510 U.S. 540, 549-54 (1994). In Liteky, Justice Kennedy found no reason for the judge to disqualify himself because all the allegations of bias "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky, 510 U.S. at 556 (emphasis in original). Moreover, the Court recognized that knowledge acquired in prior proceedings involving the same party is not considered an extrajudicial source of bias because, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." 510 U.S. at 551. See also Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (stating that the fact that plaintiff had filed an independent suit against the judge was not sufficient to recuse the judge under 28 U.S.C. § 144 or § 455(a)).

      Defendant's Motion does not present any facts supporting an extrajudicial source of impartiality, nor does it present evidence of pervasive bias. Defendant's allegation of bias is based on a prior suit in which he was a co-defendant and to which the undersigned was assigned. See Carabello v.Williams Fund Private Equity Grp., 06-cv-1052, 2006 WL 2092577 (E.D. Pa. July 25, 2006). However, the case was promptly remanded to state court and the undersigned never considered the merits.

      Defendant argues that the pleadings presented in that case contain "reckless and defamatory allegations" regarding Defendant, which also will be used in the instant case. As the Court stated in its prior Order, it did not have jurisdiction over the prior case and therefore did not consider the merits, including the alleged defamations. Moreover, even if the Court had

reviewed the allegations, this is not extrajudicial bias nor would it render fair judgment in this proceeding impossible.  Allegations made by civil litigants against one another are commonplace and in no way affect a judge's impartiality.  For these reasons, Defendant's Motion for Reconsideration for Disqualification of Judge under 18 U.S.C. § 455(a) must fail.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH MITAN. | : | NO. 08-760-1 |

**ORDER**

AND NOW, this 10th day of March, 2009, it is hereby ORDERED that Defendant Kenneth Mitan's Motion for Reconsideration for Disqualification of Judge (Doc. No. 88) is DENIED.

BY THE COURT:

/s Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

A:\Mitan -Order 3-10-09 re reconsid disqual.wpd