**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA     :      CRIMINAL ACTION

          v.             :

KENNETH MITAN          :      NO. 08-760-01

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SEVERANCE**
**<u>AND RELATED MOTIONS</u>**

**Baylson, J.**                                     **July 28, 2009**

Presently before the Court are the following Motions filed by Defendant Kenneth Mitan ("Mitan"): Motion for Severance (Doc. No. 146), Amended Motion for Improper Joinder and for Severance (Doc. No. 205), Conditional Motion for Appointment of Ann Flannery as Attorney for Defendant Mitan on Perjury Charge (Doc. No. 207), and Conditional Motion for Bench Trial on Perjury Count (Doc. No. 208).  For the following reasons, the Motion and Amended Motion for Severance shall be granted.  The Conditional Motion to Appoint Ann Flannery shall be held under advisement, and the Conditional Motion for a Bench Trial shall be denied without prejudice at this time.

**I.       Factual and Procedural Background**

On December 18, 2008, Mitan was indicted on six counts related to an alleged scheme to defraud small businesses.  On March 6, 2009, this Court rejected Mitan's appeal from a decision by Magistrate Judge Strawbridge that Mitan be detained pending trial, as a flight risk. <u>See</u> Memo. Opinion (Doc. No. 91); <u>United States v. Mitan</u>, 2009 WL 604695 (E.D. Pa. Mar. 6, 2009).  This

Order was affirmed on appeal.  United States v. Mitan, 09-cv-2089 (3d Cir. June 2, 2009; July 23, 2009).

As the Court's Memorandum details, one factor in the Court's decision to detain Mitan was his 2005 conviction in California for possessing a driver's license with an incorrect address. See Mitan, 2009 WL 604695, at *9-10.  On March 19, 2009, Mitan filed a Motion for Reconsideration for Request for Release (Doc. No. 100), asserting that this Court had "reach[ed] conclusions which are not based on facts."  In his Motion, Mitan attempted to explain the circumstances surrounding his California conviction and stated that he had received an affidavit from M.T. giving him permission to reside at the California address on the license in question. (Def.'s Mot. Reconsideration 10.)  On March 30, 2009, the Government responded to Mitan's Motion, stating that in interviews with M.T., M.T. denied both providing such an affidavit to Mitan and granting Mitan permission to live at his home; M.T. further denied that Mitan had ever lived at M.T.'s address.  (Govt's Omnibus Resp. 5-6, Ex. A, Doc. No. 108.)  The Court denied Mitan's Motion for Reconsideration on April 2, 2009 (Doc. No. 115).

Mitan filed a renewed Motion for Release on Conditions on April 9, 2009, in which he proposed conditions and security for his release.  Mitan also responded to the Government's contentions concerning M.T. and attached as Exhibit C an affidavit executed by Mitan that swore that M.T. had executed the affidavit giving Mitan permission to stay at his residence.  (Def.'s Mot. Release 3-4, Ex. C, Doc. No. 118).  In his Motion, Mitan contended that M.T. was not being truthful in the Government's interview and that the two men did in fact know each other and had an on-going business relationship.  (Id.)

On April 23, 2009, a grand jury issued a Superceding Indictment (Doc. No. 133). The only change to the Superceding Indictment from the original indictment was the addition of Count VII, a perjury charge relating to Mitan's affidavit, Exhibit C to his Motion for Release on Conditions, which the Government alleged was materially false.

Mitan filed the instant Motion for Severance on April 29, 2009 (Doc. No. 146). He filed an Amended Motion for Improper Joinder and for Severance on June 5, 2009 (Doc. No. 205). The Government responded on July 2, 2009 (Doc. No. 228). Mitan replied on July 14, 2009 (Doc. No. 236). Mitan filed two related Conditional Motions to the Motion for Severance on June 5, 2009: a Conditional Motion for Appointment of Ann Flannery as Attorney for Defendant Mitan on Perjury Charge (Doc. No. 207) and a Conditional Motion for Bench Trial on Perjury Count (Doc. No. 208)

## II.    Parties' Contentions

In the instant motion, Mitan seeks severance of the perjury count from the Superseding Indictment. He contends that the perjury count was misjoined under Fed. R. Crim. P. 8(a) because the allegedly perjured affidavit is unrelated to the alleged scheme to defraud. In the alternative, he argues that the perjury count should be severed under Fed. R. Crim. P. 14 because it will result in substantial prejudice in the scheme to defraud case because the perjury count will require testimony that may raise an inference of fraud.

The government argues that Mitan has not met the requirements of Rule 14 because he has made no showing of what his testimony would be regarding the perjury count and why such testimony would be prejudicial in the scheme to defraud case. The government also contends that all of the counts should be tried together because the perjury charge demonstrates Mitan's

-3-

consciousness of guilt.  The government does not address Mitan's Rule 8(a) misjoinder

argument.

III.     **Legal Discussion**

   A.      **Legal Standard of Criminal Procedure Rules 8 and 14**

   Federal Rule of Criminal Procedure 8(a) governs joinder of offenses.  Rule 8(a) provides:

> The indictment or information may charge a defendant in separate
> counts with 2 or more offenses if the offenses charged—whether
> felonies or misdemeanors or both—are of the same or similar
> character, or are based on the same act or transaction, or are
> connected with or constitute parts of a common scheme or plan.

Judicial economy favors joinder, United States v. Sandini, 888 F.2d 300, 305 (3d Cir. 1989), and

courts tend to allow liberal joinder of offenses.  United States v. Kemp, 2004 WL 2757867, at *3

(E.D. Pa. Dec. 2, 2004) (Baylson, J.).

   Obstruction of justice charges are properly joined with "the underlying offense to which

the obstructive conduct relates."  United States v. Fumo, 2008 WL 109667, at *1-2 (E.D. Pa. Jan.

9, 2008) (citing Moore's Federal Practice § 608.02(4)(a) (3d ed. 1997)) (holding that joinder of

offenses was proper where "[t]he goal of the alleged obstruction was apparently to thwart every

aspect of the federal investigation" and the indictment charged as much); see also United States

v. Hynson, 2009 WL 1674423, at *6-7 (E.D. Pa. Jun. 11, 2009) (finding that a witness

intimidation count was properly joined with extortion and RICO counts).  However, joinder is

improper where the charges are unrelated both physically and temporally.  See United States v.

Brown, 2008 WL 161146, at *5 (E.D. Pa. Jan. 16, 2008) (granting severance where a firearm

possession count was unrelated "both physically _and_ temporally" to the drug counts in the

indictment (emphasis original)).

Federal Rule of Criminal Procedure 14 affords relief from prejudicial joinder, providing that the court may order separate trials of counts if a defendant is prejudiced by joinder of offenses.  Rule 14 need not be considered if joinder is impermissible under Rule 8(a).  United States v. Winchester, 407 F. Supp. 261, 264 (D. Del. 1975) (citing United States v. Graci, 504 F.2d 411, 413 (3d Cir. 1974)).  Under a Rule 14 analysis, the defendant bears a heavy burden of proving that joinder will result in prejudice. United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).  The defendant "must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial."  Id. at 400 (citations omitted); see also United States v. Rogers, 2009 WL 650284, at *1 (E.D. Pa. Mar. 12, 2009).  In order to demonstrate prejudice, the defendant must make a "convincing showing" that he has "important testimony" to give as to one count and a "strong need to refrain from testifying" as to the other count.  Reicherter, 647 F.2d at 401 (quoting Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968)).  See also United States v. Plummer, 2007 WL 2973712, at *5 (W.D. Pa. Oct. 10, 2007) (joinder of firearm and drug counts was prejudicial because the firearm and the drugs were not recovered in close physical proximity and there was no evidence that the firearm was a "tool of the trade").

B.      Rule 8 Analysis

Because the perjury count does not arise from the same transaction or comprise part of a common plan with the scheme to defraud counts, Mitan's Motion for Severance will be granted under Fed. R. Crim. P. 8(a).  Mitan is correct in his argument that the conduct alleged in the perjury count is unrelated to the underlying offenses of the scheme to defraud, and therefore the perjury charge against Mitan is not like the obstruction or intimidation charges in Fumo, 2008 WL 109667, and Hynson, 2009 WL 1674423.  The affidavit in question as Exhibit C to Mitan's

Motion for Release on Conditions was not as an attempt to cover up the scheme to defraud, but rather an attempt to show that the Court had erred in one of its supporting reasons to find that Mitan posed a flight risk. Cases involving cover-ups and witness tampering of the charged offenses are therefore inapposite, and the Government's reliance on such cases is misplaced. The perjury count is not "based on the same act or transaction" as the scheme to defraud, nor are the scheme to defraud and perjury counts "parts of a common scheme or plan." Joinder of the perjury count thus is not proper under Rule 8(a).

### C.     Rule 14 Analysis

Because the perjury count was misjoined under Rule 8(a), the Court need not reach Mitan's Rule 14 contentions, however it does because Rule 14 provides additional support that the perjury count should be severed. Mitan satisfies the Rule 14 standard by having made a "convincing showing" that he has "important testimony" to give as to the perjury count—namely, that he will testify as to his ongoing business relationship with M.T.—and a "strong need to refrain from testifying" as to the scheme to defraud counts. In both his Amended Motion (Doc. No. 205, pp. 3-6) and Reply brief (Doc. No. 236, pp. 6-7), Mitan detailed the testimony he plans to give and the witnesses he plans to call to refute the perjury count. Mitan also notes that because the perjury count may raise an inference of fraud, he will have to call multiple rebuttal witnesses, thereby prolonging the trial. Both Mitan's desired testimony and potential of necessary rebuttal witnesses leads the Court to the logical conclusion that Mitan would be prejudiced without severance. The government's contention that Mitan has presented no evidence regarding his anticipated testimony is simply incorrect.

**IV.**   <u>**Conclusion**</u>

Because the perjury count does not arise from the same transaction or form part of the same scheme or plan as the scheme to defraud counts, the perjury count was misjoined under Rule 8(a).  The perjury count therefore should be severed.  Mitan's Motion for Severance may also be granted on alternate grounds under Rule 14 because joinder would result in substantial prejudice.

An appropriate Order follows.

O:\Criminal Cases\08-760 Mitan, us v\Mitan - Memo re Severance.wpd