IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| KENNETH MITAN and | : | NOs. 08-760-1 |
| FRANK MITAN | : | 08-760-2 |

**MEMORANDUM**

**Baylson, J.**                                                                                          November 6, 2009

Prior to the commencement of the trial in this case, Defendants had filed a Motion to Dismiss because of the government's interception of certain telephone conversations between Kenneth Mitan, a pro se pre-trial detainee, and members of his family. The Court denied the Motion to Dismiss without prejudice by Memorandum and Order dated September 25, 2009 (Doc. Nos. 356, 357). Following the Court's suggestion, stand-by counsel for Kenneth Mitan submitted ten recordings of intercepted conversations that Defendant contends violated his constitutional rights, his ability to prepare his case without government intrusion, and violated due process. Defendant has submitted a Renewed Motion (Doc. No. 476).

The Court has listened to the five telephone conversations which took place after May 12, 2009, but has not listened to the conversations that took place before May 12, 2009 because the prosecutors have made representations that the trial prosecutors never heard any of the pre-May 12, 2009 conversations.

Concerning four of the conversations, on May 16, June 21, June 25, and August 20, 2009, the Court finds that there is no substantive content in these conversations that would give any

indication of defense strategy, planning, or other confidential matters pertaining to the trial. The May 16, 2009 conversation was exclusively confined to discussing legal issues pertaining to Defendant's pretrial detention. The Court had offered to release Defendant on conditions of house arrest in the Philadelphia area to enable him to prepare for trial, but that was not possible when the parties and the Court learned that a pending indictment in New Jersey had resulted in a detainer being placed against Defendant at the Federal Detention Center in Philadelphia.

The June 21, 2009 conversation concerned the Defendant speaking with members of his family about looking for papers, the use of a fake name which was not in dispute, and the calling of an individual whom Defendant identified as an "economic stalker" for whom the Court approved a defense subpoena and who eventually testified at trial as a government witness. On both this call and the June 25, 2009 call, Defendant specifically remarked that he did not want to talk about strategy, inferring that he realized that his calls were being monitored. Both the June 21 and 25, 2009 calls also concerned a transaction known as Tuckahoe, which the Court understands is the subject matter of the pending New Jersey indictment but which was excluded from evidence in this trial, and also concerned securing documents.

The August 20, 2009 conversation also concerned Tuckahoe, and made some reference to Super One and Spectacular Sports, which were both admitted in evidence under Fed. R. Evid. 404(b), rebuttal witnesses without naming them, and a brief reference to Pruscino Brothers and Wells Fargo. Although these topics did come up at the trial, there was no content in this conversation which revealed defense strategy or confidences.

The May 19, 2009 conversation is of greater concern. During this conversation, the Defendant can be heard speaking about the arbitration proceeding, a contempt motion in

California, certain Supreme Court cases, reference to someone owing $70,000 in attorney's fees, and repeated references to getting five copies of exhibits, without further details. Although this discussion did have some reference to defense strategy, there were no specific communications that revealed any defense witnesses or confidences.

Now that the Court has heard the entire evidence at the trial, the Court concludes that there was no prejudice to the Defendant from the government, prosecutors and/or investigating agents having listened to these conversations. In that the four conversations submitted as samples of allegedly improper conduct have not demonstrated any prejudice, there is no need to listen to additional conversations. As the Court noted in the prior Memorandum, the government's conduct in this situation may have been over-reaching, but did not cross the border into a constitutional violation and did not result in any prejudice to the Defendant.

For these reasons, the Motions to Dismiss the Indictment will be denied.

An appropriate Order follows.

A:\08-760.memo.11-6-09.wpd