# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH MITAN | : | NO. 08-760-1 |

## MEMORANDUM AND ORDER

**Baylson, J.** February 5, 2010

Pursuant to a Court Order scheduling agenda (Doc. No. 506), the government has proposed via letter dated January 22, 2010 that a number of other fraudulent schemes allegedly committed by Defendant Kenneth Mitan be included in the Presentence Report as "relevant conduct" under Sentencing Guideline § 1B1.3(a)(2). The Defendant opposes this. Before the Court can find "relevant conduct, there must be evidence in the record showing that these other offenses were indeed "related conduct," which exists if the offenses are:

> [S]ufficiently connected or related to each other to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. . . . . A common scheme or plan exists if the offenses are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, or similar modus operandi." . . . In assessing whether offenses constitute a course of conduct or a common scheme, the court must consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses."

United States v. Thies, 97 Fed. Appx. 370, 373 (3d Cir. 2004) (non-precedential).

The Court is of the view that the government's proposed offenses for relevant conduct as part of the sentencing of Defendant Kenneth Mitan must be rejected. Determination of whether these offenses meet the test of "relevant conduct" would require additional discovery, hearings, and elongated sentencing procedures, all of which are not necessary, as well as result in a

substantial delay in the sentencing date, which is not the public interest.

The Court believes that, given the estimated proof of loss which the government has submitted so far – which the Court only notes but does not necessarily accept, pending the completion of the Presentence Report and objections by the Defendant – the Court has been given adequate discretion for sentencing in this case.

However, the Court may still consider as "relevant conduct" the two fraudulent schemes brought forth in the trial under Fed. R. Evid. 404(b), provided the government can provide data on the amount of loss in these cases to the Probation Department and defense counsel without any delay in the preparation of the Presentence Report or the other dates set forth in the sentencing agenda and the sentencing date itself. Defendant may object to these being considered.

Counsel should bear in mind that under <u>United States v. Booker</u>, 543 U.S. 220 (2005), and related cases, the Court has substantial discretion in taking into account the statutory sentencing factors, and intends to do so in this case based on all the evidence presented at the trial, and what may be presented, subject to objection, at the Sentencing Hearing.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Mitan - Memo & Order 2-5-10.wpd