# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH MITAN | : | NO. 08-760-1 |

### MEMORANDUM RE: DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO PRODUCE EXCULPATORY MATERIALS RE: SENTENCING

**Baylson, J.**                                                                                                     **April 2, 2010**

The Court has denied Defendant's Motion to Compel which seeks an Order from the Court requiring the government to produce exculpatory materials for sentencing, or in the alternative, to exclude consideration of non-charged transactions at sentencing (Doc. No. 550). This Memorandum will explain the reasons.

As background for the case, a jury convicted Kenneth Mitan of conspiracy, four counts of mail/wire fraud and use of an alias. The date for sentencing has been set for April 14, 2010. Although Frank Mitan, Kenneth Mitan's father, was convicted on the same four counts of mail/wire fraud, he did not join in this current Motion, and is now deceased.

At trial, the government introduced evidence of four transactions charged in the indictment, and the Court allowed evidence pursuant to F.R.E. 404(b) of two additional transactions to allegedly show that the Defendant Kenneth Mitan committed similar types of fraud against two other victims who had not been charged in the indictment. Following the trial, the government sought to introduce, as "relevant conduct" facts, that Defendant had been involved in numerous other fraudulent schemes and that the "loss amount" under § 2B1.1(b)(1)

of the Sentencing Guidelines should be increased to account for losses by these additional victims.

By Order dated March 10, 2010 (Doc. No. 546), the Court rejected the government's request, but on reconsideration, agreed to allow the government to present, at sentencing, facts from four additional victims pursuant to the government's request that these facts of relevant conduct would be appropriate to show a two-level enhancement under Guideline § 2B 1.1(b)(2) for ten or more victims.

The Defendant's Motion to Compel asserts that the government has a continuing duty to provide exculpatory information under Brady v. Maryland and that the government has not done so. Following this Motion, the government responded, Defendant filed a reply brief, and both parties have filed other briefs (Doc. Nos. 554, 555 and 556). The Court agrees with the Defendant, and the government does not dispute, that the government's obligations under Brady v. Maryland continue following the guilty verdict into the sentencing phase.[1] These issues were discussed in a recorded telephone conference call with counsel on April 1, 2010.

The government had produced a great amount of information to the Defendant as part of pretrial discovery. Just before trial, a large group of documents were located in a former residence of Defendant in Indiana, and photographs submitted by the government show that these

---

[1] Peter Vaira, Esquire, a distinguished member of the Bar of this Court and a former U.S. Attorney for this district, discussed this obligation in a recent (March 9, 2010) article in the Legal Intelligencer and proposed that this Court adopt a "standing order" which would specify that if defense counsel particularized the adjustments to the sentence that the prosecutor should address at sentencing, then the Court, pursuant to Brady v. Maryland, would require the prosecution to affirmatively conduct a search of the prosecution files, including evidence and interview reports in possession of the investigating agency, to determine whether any such adjustment would apply. Mr. Vaira's suggestion is creative, and some judges may take his advice.

documents resemble a mound of trash found in an abandoned house. Papers were strewn all over the floor and there was no semblance of organization. Some, if not all, of these documents are available to defense counsel to review.

Defendant's Motion should not result in any mischaracterization of the pretrial discovery in this case. The four transactions that were charged against Defendant in the indictment and the two transactions that were admitted under F.R.E. 404(b) were thoroughly documented by the government along with voluminous business records, all produced to Defendant. The Court allowed Defendant ex parte virtually all pretrial and trial subpoenas he requested. Through his own testimony and through the cross examination of the government's witnesses by himself and by his court-appointed stand-by counsel (as the Court did allow a hybrid defense representation), Defendant made much use of these documents. In his cross examination of various witnesses and in his own testimony, the Defendant showed thorough familiarity with the transactions that had been the subject of the government's evidence.

Now that the Defendant has been convicted and awaits sentencing, there is no need, justification or right for any delays or detours in criminal procedure which would be required by granting Defendant's Motion to Compel. The Court cannot conclude that the government has withheld anything that is material, let alone exculpatory.

In connection with the additional facts concerning four additional victims, the Court directed the government to provide information about their identity and the basic facts related to the transactions at issue. The government has represents it has complied. The Defendant wants detailed bank records, etc. for these additional four victims. The Court concludes that Defendant's request should be denied given the limited purpose of this evidence. Defendant

cannot, under the guise of a <u>Brady v. Maryland</u> request, lump some broader unmeritorious allegations that the government has withheld information which the Court finds is not vital to the sentencing process.

BY THE COURT:

s/Michael M. Baylson

---
Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\08-760 Mitan, us v\Mitan -Memo D's Mot Produce exculpatory materials.wpd