# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| KENNETH MITAN | : | NO.   08-760-1 |

## MEMORANDUM AND ORDER

**Baylson, J.**                                                                                        May 8, 2013

      This defendant was convicted by a jury of serious fraud charges and sentenced to imprisonment of 262 months, plus other terms and conditions.  On the defendant's direct appeal, the Third Circuit affirmed the judgment of conviction, in a non-precedential opinion.

      On October 26, 2012, defendant filed a *pro se* motion pursuant to Federal Rule of Criminal Procedure 45(b)(1)(A) to extend the time for filing a Rule 33 motion for a new trial, alleging that there was newly discovered evidence.  This motion does not contain any details about the nature of the newly discovered evidence.

      The Court entered an Order "denied as moot" on this Motion on March 18, 2013.  Defendant then filed a Motion for Reconsideration on April 1, 2013 (ECF 676).  On April 15, 2013, the Court entered an Order reviewing some of the above history and requesting the government to respond.  The government's response was filed on April 25, 2013 (ECF 679).  Defendant has since filed a "Supplemental Filing and Reply to Government's Response" (ECF 681).

      The Court's Order denying the original October 6, 2012 Motion as moot was perhaps to

cryptic. Before and during the trial, the defendant kept alleging that he had additional evidence. The Court had many hearings, in the absence of the jury, to discuss what evidence the defendant was missing or after discovery. The government's response dated April 25, 2013, accurately summarizes those parts of the record where this discussion took place. The Court reached the conclusion, during the trial, which the Court still believes was correct, that there was no admissible or exculpatory evidence being concealed from defendant or that defendant could use at trial. In fact, the Court had had many pretrial hearings at which the defendant was given full opportunity to subpoena records. Defendant was also in touch with other members of his family who were in the position to get evidence and forward it to him, even though defendant was in pretrial detention.

The Court notes that any error in this regard could have been raised on the direct appeal but is not discussed in the Third Circuit's opinion.

The defendant's Motion for Reconsideration and his "Supplemental Filing" add nothing new to the facts that the Court knew during the trial, and fails to make any substantive or meritorious claims about after discovered evidence.

In this latest filing, defendant wants the Court to withhold ruling on the Motion for Reconsideration until defendant can submit the Third Circuit's non-precedential opinion affirming his conviction. There is no need for this because the Court is fully familiar with that opinion.

The Court has carefully reviewed and will, for the reasons stated above, **VACATE** the Order that the Motion for Extension of Time was "denied as moot" but will enter a new Order as

noted below, denying the motion for reconsideration on the merits.

An appropriate Order follows.

O:\Criminal Cases\08-760 Mitan, us v\08cr760.mot.reconsider.wpd