IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO.   08-760-1 |
| v. | : | |
| | : | CIVIL ACTION |
| KENNETH MITAN | : | NO. 14-3398 |

### MEMORANDUM RE SECTION 2255 PETITION

Baylson, J.                                                                                             August 7th , 2014

      Petitioner Kenneth Mitan was convicted of serious fraud charges, his conviction was affirmed by the Third Circuit, and he has now filed a motion under 28 U.S.C. § 2255 to vacate set aside or correct a sentence (ECF 690).  The Court has reviewed the petition, the government's detailed response, and a reply brief recently filed by Mitan (ECF 708).  The government has filed a 56 page brief responding to the defendant's motion, which the Court finds to be a thoroughly accurate representation of events at trial, and a thorough discussion of why many of defendant's allegations are procedurally defaulted and therefore cannot be raised in this petition. Because of the thorough nature of the government's response, there is no need for this Court to review the evidence and procedural rulings at trial, which the defendant's petition seriously misrepresents.

      Despite the length and numerosity of Mitan's allegations, his post-conviction petition can be divided into the following succinct categories:

      1.     Allegations that his waiver of trial counsel was not adequate, thus depriving him of constitutional rights to counsel.

2. This Court relied on a prior California conviction in computing Mitan's criminal history, which California conviction has allegedly since been vacated, and the record expunged and therefore Mitan should be entitled to a new sentencing hearing.

3. Mitan's appellate counsel was ineffective and did not adequately represent him in his appeal to the Third Circuit.

4. Numerous allegations that errors were made in the admission of evidence and other rulings, which deprived Mitan of a fair trial, are procedurally defaulted because they were not raised at trial or on appeal.

### I.   Allegations Concerning Waiver of Right to Counsel

This argument is devoid of any factual basis and seriously misrepresents the record of what took place at trial. Mitan, a law school graduate who was never admitted to the Bar of any state, insisted from the very beginning of this case that he wanted to represent himself. The Court allowed this after an extensive colloquy which Mitan's petition ignores. Nonetheless, the Court appointed Ann Flannery, Esquire, as backup counsel. Ms. Flannery, a graduate of Harvard Law School, a former law clerk to a U.S. District Court judge, and an Assistant United States Attorney in this District for several years, following which she has divided her time between private practice and serving as law school faculty member, was highly qualified and rendered whatever advice Mitan asked for during the trial. At some points in the trial, Mitan agreed to a hybrid form of representation in which Ms. Flannery actually took part in the trial by examining witnesses. At the conclusion of the proceedings in District Court, Mitan admitted that he made a mistake in representing himself and that he should have used Ms. Flannery throughout the trial.

However, in his post-conviction petition he now turns against her as to her role in the District Court and as his Court-appointed counsel on the appeal.

## II.     Appellate Counsel Was Ineffective

As far as appellate counsel goes, no one was more qualified to represent Mitan on the appeal than Ms. Flannery. She had sat through the entire trial, was thoroughly familiar with the factual record, and knew what appellate arguments might have the best chance of success. The fact that the appeal was not successful is not any evidence that Ms. Flannery was ineffective as appellate counsel. In fact, she raised every conceivable issue, but the essential bottom line is that the evidence against Mitan was overwhelming, and he received a fair trial in every respect. He has not satisfied the *Strickland* standard for constitutionally ineffective counsel. Even assuming that Ms. Flannery missed some arguments (which does not appear to be true), defendant did not suffer any prejudice because the record was overwhelming as to the sufficiency of the evidence and that Mitan had received a fair trial in every respect, and no lawyer, no matter how perfect, could have secured a reversal.

## III.    Allegations Concerning the Prior California Conviction

The government raises substantial doubts about the adequacy of Mitan's allegations that because his prior California conviction was vacated following his sentencing in this case, that he is entitled to a new sentencing hearing. The government's brief goes into great detail concerning California law and California court decisions that whatever happened in the California courts after the sentencing in this case, does not allow a conclusion that there was any error in the criminal history computation. Mitan does not dispute that he was convicted of these crimes, and

3

under the applicable provision of the sentencing guidelines, Section 4 A1.2(j) (2009 edition), this Court was entitled to consider those convictions, and even if Mitan were to receive a new sentencing hearing, those convictions could still be considered. Furthermore, as this Court noted at the sentencing hearing, see government's brief at page 46, footnote 14, the Court made it clear that even if the advisory guideline range was incorrectly calculated, this Court alternatively but specifically stated, that the discretion which the Court had under *Booker* would have mandated the exact same sentence. Furthermore, this Court rejects Mitan's argument that he can raise an error in the sentencing guideline computation, limited to his criminal history, by means of a Section 2255 petition. Lastly, even if there were any merit to his assertions about the California procedures, it is not a depravation of constitutional rights, and therefore Mitan is not entitled to any relief. Furthermore, this Court is firmly of the view that Mitan received a fair sentence for an outrageous series of crimes against numerous people, and that he is not entitled to any second sentencing hearing.

The Court has reviewed Mitan's 24 page reply brief, and a supplemental affidavit in support of his petition. The procedures under Section 2255 do not allow him to supplement the record in this manner. This Court has no reason to have any confidence that Mitan's affidavit is correct or based in fact. The request for an evidentiary hearing is **DENIED.**

## IV.     Trial Errors

The record of the extensive pretrial and trial in this case gives constant and complete response to the factual allegations by Mitan as to events that never took place or are seriously misrepresented.

As to the substantive allegations of errors at the trial, all of the allegations relate to admissibility of evidence, and matters that could have been raised on direct appeal. For example, defendant's arguments about the improper loss determination at sentencing, his denial of right to compulsory process, his complaints about being denied a laptop computer during the trial, that the evidence against him was insufficient to support the conviction, and all other similar allegations of an unfair trial, do not raise depravation of constitutional rights, are not cognizable on this post-conviction petition, and are also procedurally defaulted because they were not raised on the direct appeal. Further, Mitan omits any discussion of the many pretrial hearings where the Court required the government to provide Mitan, as a *pro se* defendant, with documents and required the Bureau of Prisons to provide Mitan with computer access so he could efficiently review the evidence.

An appropriate Order follows.

O:\Criminal Cases\08-760 Mitan, us v\08cr760.memo.2255.doc